**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS SIEWERTSEN** | * | Case No. |
| 131 Melrose Ave | | |
| Adrian, MI 49221 | * | Judge |
| Plaintiff, | | |
| v. | * | **COMPLAINT; JURY DEMAND** |
| | | **ENDORSED HEREON** |
| **WORTHINGTON INDUSTRIES,** | * | |
| **INC.** aka and/or dba | | Francis J. Landry   (0006072) |
| **THE WORTHINGTON STEEL** | * | **WASSERMAN, BRYAN, LANDRY** |
| **COMPANY** | | **& HONOLD** |
| 6303 County Rd. 10 | * | 300 Inns of Court Building |
| Delta, OH 43515 | | 405 N. Huron Street |
| | * | Toledo, Ohio 43604 |
| | | Telephone: (419) 243-1239 |
| | * | Facsimile: (419) 243-2719 |
| Defendant. | | Attorney for Plaintiff |
| | * | Nicholas Siewertsen |

*     *     *     *     *     *     *

**JURISDICTION**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332, known as this Court's diversity of citizenship jurisdiction.  Plaintiff is a citizen of the State of Michigan. Defendant is a corporation organized under the laws of the State of Ohio with its principal place of business and headquarters in a State other than the State of Michigan.  The matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interest. This action, in part, is one for money damages, reinstatement, and liquidated damages.  This action is in part, an action for disability discrimination under 4112.02 of the Ohio Revised Code, and also based on Ohio common law for intentional infliction of emotional distress.

## PARTIES

2.     Plaintiff, Nicholas Siewertsen, is a citizen of the United States and a resident of the City of Adrian, the County of Lenawee, and the State of Michigan who has been employed by Defendant since 2001.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of Chapter 4112 of the Ohio Revised Code in that the Plaintiff was an employer of an entity with more than four (4) employees.

3.     Plaintiff states that the Defendant is an employer within the meaning of Chapter 4112 of the Ohio Revised Code.  Defendant is a corporation duly organized under Ohio law with a facility in the City of Delta, County of Fulton, State of Ohio.  Defendant at all times had more than four (4) employees and was an employer within the meaning of Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4.      Plaintiff brings this action for damages for discrimination in his employment.  Plaintiff alleges that in failing to promote and in disciplining him, the Defendant did so in violation of the Ohio Revised Code, and has also intentionally inflicted emotional distress upon Plaintiff. In 2001, the Plant Manager for Defendant at the time told Plaintiff that he would be promotable in any and all positions in the plant.  His then Department Head had disagreed and made his opinion known to the Plant Manager.  The Department Head decided early on in Plaintiff's career that an interpreter was not needed for Plaintiff and that another employee would take notes for Plaintiff to later review. This practice prevented Plaintiff from taking an active role in any meeting.

## FIRST CLAIM FOR RELIEF
### Disability Discrimination O.R.C. Sections 4112.02(A) and 4112.99

5.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through

four (4) of this complaint by reference in its entirety as if fully restated herein.

6.      Plaintiff states that he is a disabled individual within the meaning of Ohio Revised Code Chapter 4112.02(A). Alternatively, Plaintiff is disabled on the basis of his record of medical impairments and because he is perceived by defendant as being disabled.

7.      Plaintiff states that since January 21, 2011, Plaintiff has discriminated against on the basis of his disability with regards to discipline, promotions and denial of a reasonable accommodation. On January 21, 2011, Defendant told Plaintiff that he was no longer allowed to operate the forklift or the crane.  Subsequently, the Defendant told Plaintiff  that he was no longer allowed to operate  a  bike, or any motorized plant vehicle. On February 28, 2011, Defendant told Plaintiff he also was no longer allowed to operate the riding sweeper. Plaintiff states that he is deaf.  Plaintiff states that his disabling condition substantially limited one or more major life activities, including but not limited to hearing, speaking, and communicating. Plaintiff states that the Defendant is aware of his disabilities.   The Defendant alleged that Plaintiff was preventing from using the aforementioned equipment because Plaintiff's disability puts the safety of others at risk. The reason advanced by Defendant was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, Plaintiff has received no complaints for the last ten years, and during that time, no issue about the safety of others was ever brought to Plaintiff's attention. Plaintiff states that he has been subjected to closer than usual supervision and reduced weekly overtimes.  Furthermore, since January of 2011, Plaintiff was given an option of five entry level positions—positions which make promotion in the future next to impossible. Plaintiff states that he also has been denied a reasonable accommodation. Plaintiff states that until January of 2011, he was often not provided with an interpreter for most work meetings, which were essential to his job.   Plaintiff states that he has requested an

interpreter be provided in the past.  Plaintiff has been restricted to any of four entry level positions, to wit, pickle banding station, pickle prep station, paper wrapper, and lab tech or as a pickle line entry operator which is just above entry level.  Plaintiff has already successfully held pickle banding and prep station positions from the early 2000s until 2008, and already has been a coil paper wrapperwhich is a very remedial position.  Plaintiff has trained for pickle line entry operator since 2003 and has not attained that pay level or position.  The Defendant's position has made advancement or promotion in the future impossible.

8.      At the time of and prior to his discipline and being passed over for promotions, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was a highly rated and skilled employee.

9.       Plaintiff states that in failing to accommodate him and in disciplining and passing him over for promotions, the Defendant violated and/or intentionally violated Chapter 4112.02(A) and 4112.99 as amended on the basis of disability.

10.     As a proximate result of the actions of Defendant as complained of herein, said Plaintiff has suffered the loss back wages, seniority, fringe benefits and profit sharing benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### SECOND CLAIM OF RELIEF
### Intentional Infliction of Emotional Distress

11.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12.     Plaintiff states that during the course of his employment and during events which led up to his restriction from using some equipment, the Defendant intentionally and/or negligently

engaged in a course of conduct which was outrageous and beyond all possible bounds of decency and such that no reasonable person could be expected to endure same.  Plaintiff states that Defendant's conduct was calculated to cause and did cause Plaintiff to suffer serious emotional stress proximately resulting from its cured and uncalled for vendetta to destroy his career.

13.    As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff respectfully prays for an injunction restoring him to his rightful position with Defendants with full back pay, seniority, and benefits and requiring that the Defendant accommodate him with an interpreter when work issues are discussed. Plaintiff also seeks a permanent injunction against further harassment and retaliation against himself upon reinstatement to his previous employment position.   Plaintiff further demands judgment against Defendant for lost back wages and for compensatory, liquidated and punitive damages, all in an amount exceeding the sum of $75,000.00 exclusive of costs and interest, together with prejudgment and post judgment interest, plus his costs and reasonable attorney fees and whatever other relief, legal or equitable to which he may appear to be entitled.


Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


  s/Francis J. Landry
Francis J. Landry, Attorney for Plaintiff

## **JURY DEMAND**

Plaintiffs demand a jury trial as to all issues so triable in the within cause.


s/Francis J. Landry
Francis J. Landry